UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN WINTERROWD and
ANA WINTERROWD,

    Plaintiffs,

v.                                                  CASE NO: 8:09-cv-1011-T-26EAJ

TAYLOR MORRISON SERVICES, INC. f/k/a
MORRISON HOMES, INC. d/b/a
MORRISON HOMES,

    Defendant.
                                            /

**O R D E R**

Before the Court is Defendant's Motion to Dismiss Plaintiffs' Complaint (Dkt. 7), and Plaintiffs' Response. (Dkt. 10). After careful consideration of the allegations of the Complaint (Dkt. 1) and the applicable law, the Court concludes that the motion should be granted.

**ALLEGATIONS**

In the two-count complaint, Plaintiffs, as buyers of real property in Riverview, Florida, sue Morrison Homes as seller for violations of the Interstate Land Sales Full Disclosure Act, 15 U.S.C. § 1701 et seq. (ILSFDA). Specifically, Plaintiffs allege that Morrison Homes failed to provide a property report before execution of the contract on December 15, 2007, and failed to include notice of the right to cancel within seven days

of execution. The contract for sale, which is attached to the complaint, contains a paragraph titled "Completion," which provides in pertinent part as follows:

> Any projected completion dates estimated by the Seller are based upon local conditions and capabilities of the Seller and the date of any estimates is subject to change. Completion may be delayed by adverse weather, shortages of materials or labor, acts of God or other events beyond the control of the Seller. [sets forth rescission rights if closing is delayed] In any event, and in accordance with the Interstate Land Sales Act, Seller shall complete the house within two (2) years of the date of this Agreement.

(Dkt. 1, Exh. A). Part of paragraph 19 of the contract acknowledges that all remedies are available to the buyer:

> If Seller fails to deliver the house within two years from the date of this Agreement, Purchaser shall have all remedies at law and equity.

Paragraph 23, titled "Termination," addresses liquidated damages as follows:

> At any time during the pendency of this Contract and prior to Closing, and for any reason whatsoever or no reason, Seller may elect to terminate this Contract by providing written notice of such termination to Purchaser together with a full refund of Purchaser's Earnest Money Deposit and the payment of the sum of Five Hundred Dollars ($500) as a termination fee and/or liquidated damages, and both parties shall be relieved of any further obligation and liability. This clause shall not be deemed mutual and by signing the Contract, the Purchaser hereby acknowledges, agrees, understands the right of the Seller granted by this provision, and agrees that *this liquidated damage amount is reasonable and that the ascertainment of any actual damage would be, difficult or impossible*.

(Emphasis added). In this lawsuit, Plaintiffs seek rescission of the agreement pursuant to the ILSFDA.

**ANALYSIS**

Defendant asserts that the transaction is exempt from the ILSFDA based on the unconditional two-year completion provision in the contract, which excludes the contract from the requirements of the ILSFDA. Section 1702(a)(2) of the ILSFDA lists exceptions from the act, one being completion of construction in two years:

> the sale or lease of any improved land on which there is a residential, commercial, condominium, or industrial building, or the sale or lease of land under a contract *obligating the seller or lessor to erect such a building thereon within a period of two years*.

(Emphasis added.) The issue in such cases construing section 1702(a)(2), which are numerous, is whether the contract imposes an unconditional, unrestricted obligation on the seller to complete construction within two years, thereby avoiding application of the ILSFDA. Additionally, if the plaintiff does not allege that the contract otherwise limits his or her right to seek specific performance or recover damages, then the sole issue is whether the obligation to complete construction within the two years is illusory. See Samara Dev. Corp. v. Marlow, 556 So.2d 1097, 1100 (Fla. 1990) (holding that "in order for the developer to be 'obligated' to complete the building within two years, the obligation must be unrestricted and the contract must not limit the purchaser's right to seek specific performance *or* damages.") (emphasis in original). If the plaintiff, however, contends that the contract prohibits his or her right of recovery, then the ILSFDA applies.

Recently, the issue in this case has been addressed by many other courts.[1] After reviewing the case law, it is evident that the courts must apply a twofold legal framework under which a particular contract clause is to be construed: first, the ILSFDA as a federal statute must be interpreted under federal law with the regulations of the Department of Housing and Urban Development (HUD) entitled to great deference, see Winter v. Hollingsworth Properties, 777 F.2d 1444, 1448 (11th Cir. 1985); and second, the contract must then be construed under state contract law. Samara, 556 So.2d at 1099-1100. While this framework may seem crystal clear, it has been noted that district court rulings often differ in its application, specifically in the area of force majeure clauses. See, e.g., Rosenstein v. Edge Investors, L.P., 2009 WL 903806 at *7 (S.D. Fla. 2009).

First, the HUD guidelines assist in determining the meaning of the word "obligating" as used in section 1702(a)(2). When a seller "obligates" to erecting a

---

[1] See, e.g., Santidrian v. Landmark Custom Ranches, Inc., No. 08-60791-CIV, 2009 WL 1955757 (S.D. Fla. Jul. 6, 2009); Zambrano v. Indian Creek Holding, LLC, No. 09-20453-CIV, 2009 WL 1585980 (S.D. Fla. Jun. 4, 2009); Tedder v. Harbour Phase I Owners, LLC, No. 8:08-cv-1674-T-30TGW, 2009 WL 1043911 (M.D. Fla. Apr. 17, 2009); Jankus v. Edge Investors, L.P., No. 08-802000-CIV, 2009 WL 961154, at *7-8 (S.D. Fla. Apr. 8, 2009); Rosenstein v. Edge Investors, L.P., No. 07-80903CIV-MIDDLEBR, 2009 WL 903806 (S.D. Fla. Mar. 30, 2009); Pellegrino v. Koeckritz Dev. of Boca Raton, LLC, No. 08-80164-CIV, 2008 WL 6128748 (S.D. Fla. Jul. 10, 2008); Caswell v. Antilles Vero Beach, LLC, No. 08-80313-CIV, 2008 WL 4279555 (S.D. Fla. Jul. 8, 2008); Stein v. Paradign Mirsol, LLC, 551 F.Supp.2d 1323 (M.D. Fla. 2008); Harvey v. Lake Buena Vista Resort, LLC, 568 F.Supp.2d 1354 (M.D. Fla. 2008); Plaza Court, L.P. v. Baker-Chaput, 2009 WL 1809921 (Fla.Dist.Ct.App. Jun. 26, 2009). See also Salazar v. Santa Barbara Townhomes of Homestead, Inc., 309 Fed. Appx. 381 (11th Cir. 2009) (unpublished opinion); Kamel v. Kenco/The Oaks at Boca Raton LP, 2008 WL 4601715 (11th Cir. Oct. 16, 2008) (unpublished opinion).

building within two years, "[t]he contract must not allow nonperformance by the seller at the seller's discretion." Guidelines for Exemptions Available Under the ILSFDA, 61 Fed.Reg. 13596, 13603 (Mar. 27, 1996). These guidelines add further explanation:

> Contract provisions which allow for nonperformance or for delays of construction completion beyond the two-year period are *acceptable if such provisions are legally recognized as defenses to contract actions in the jurisdiction where the building is being erected.* For example, *provisions to allow time extensions for events or occurrences such as acts of God, casualty losses or material shortages are generally permissible*.

(Emphasis added). There is nothing in these guidelines that specifically prohibits language permitting extensions of time for acts of God or material shortages, which are two examples of the impossibility defense listed in the contract at issue.

The HUD guidelines next address the necessity of looking toward state law to construe the contract's language:

> Because of the variations in applicable contract law among the states and the many different provisions that are used by sellers in construction contracts, HUD may condition its advisory opinions regarding this exemption on representations by local counsel as to the current status of the state law on the relevant issues. For example, the Florida Supreme Court has ruled that there must be an unconditional commitment to complete construction within two years and that the remedies available to the purchaser must not be limited. Samara Dev. Corp. v. Marlow, 556 So.2d 1097 (Fla. 1990).

Guidelines for Exemptions Available Under the ILSFDA, 61 Fed.Reg. at 13603. As noted in the regulation, it is clear that in Florida, the two-year completion provision must be unconditional, which means that construction must be completed within two years,

-5-

subject only to delays caused by matters legally recognized as defenses to contract actions, such as force majeure clauses. Apart from the existence of a force majeure clause, the contract language must not limit the remedies available to the purchaser.

> [F]or example, a clause that provides for a refund of the buyer's deposit if the seller is unable to close for reasons normally within the seller's control is not acceptable for use under this exemption. Similarly, contracts that directly or indirectly waive the buyer's right to specific performance are treated as lacking a realistic obligation to construct. . . . any such right that purchasers have must not be negated. For example, a contract that provides for a refund or a damage action as the buyer's sole remedy would not be acceptable.

<u>Guidelines for Exemptions Available Under the ILSFDA</u>, 61 Fed.Reg. at 13603.

The contract at issue contains one sentence mentioning that completion may be delayed due to "adverse weather, shortages of materials or labor, acts of God or other events beyond the control of the Seller." These examples of impossibility of performance are already provided by Florida law to the seller and therefore do not make the completion date illusory or conditional. The sentences directly following the examples of force majeure deal with a delay in closing, which do not alter the "obligation" to complete construction in two years. The last sentence, like the clause in the contract construed in <u>Pellegrino v. Koeckritz</u>, 2008 WL 6128748 (S.D. 2008), places an unequivocal, unconditional directive that construction must be completed within two years "in any event." The existence of this sentence, coupled with the fact that the contract, in paragraph 19, does not restrict the purchasers' right to specific performance or to recover

damages, renders the two-year clause unconditional and therefore exempts this transaction from the strictures of the ILSFDA.

Finally, Morrison Homes contends that paragraph 23, which permits the seller to terminate the contract upon notice and return the buyer's deposit, does not limit the remedy of specific performance.  See Salazar v. Santa Barbara Townhomes of Homestead, Inc., 309 Fed. Appx. 381 (11th Cir. 2009) (unpublished opinion).  In Salazar, a provision, similar to paragraph 19 in the instant contract, providing for "all remedies available at law and in equity without limitation or restriction" was found to satisfy the requirements of Samara dictating an unconditional completion clause.  Following Salazar, the existence of paragraph 23 regarding the return of the deposit and liquidated damages does not limit the unequivocal language of paragraph 19.  The contract specifically states that the purchaser enjoys all remedies, both at law and in equity, in the event the seller does not complete construction within the two-year period.

On balance, and construing the particular wording of the instant contract, this Court finds that to the extent this contract lists examples of impossibility of performance as defenses, the force majeure clause does not nullify the exemption afforded under section 1702(a)(2), as these defenses are available to the seller as part of Florida law.  The contract is not illusory because the liquidated damages clause does not limit the remedy of specific performance available to the buyer.  Accordingly, the motion is granted and the complaint is dismissed with prejudice.

It is therefore **ORDERED AND ADJUDGED** as follows:

(1) Defendant's Motion to Dismiss Plaintiffs' Complaint (Dkt. 7) is

**GRANTED** with prejudice. This case is hereby dismissed.

(2) The Clerk is directed to enter judgment for Defendant and to close the case.

**DONE AND ORDERED** at Tampa, Florida, on July 16, 2009.

    s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

<u>**COPIES FURNISHED TO**</u>:
Counsel of Record